**LOREN SPECIALTY MFG. CO., Inc., an Illinois corporation, Plaintiff-Appellant,**

v.

**The CLARK MANUFACTURING COMPANY, an Ohio corporation, Robert F. Gleason, and Arnold A. Hanson, Defendants-Appellees.**

**No. 15299.**

United States Court of Appeals Seventh Circuit.

May 2, 1966.

Rehearing Denied June 9, 1966.

**914**

Clarence F. Martin, Chicago, Ill., for appellant.

Walter A. Bates, Cleveland, Ohio, H. Blair White, Chicago, Ill., Thomas V. Koykka, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Sidley, Austin, Burgess & Smith, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Loren Specialty Mfg. Co., Inc., an Illinois corporation, plaintiff, has appealed from an order of the district court in favor of The Clark Manufacturing Company, an Ohio corporation, dismissing plaintiff's complaint.

Plaintiff's suit is for treble damages, based upon alleged violations of 15 U.S. C.A. § 13(a), commonly known as the Robinson-Patman Act.

From the evidence heard in a trial without a jury, it appears that Clark manufactured steam specialties, also known as fluid controls. It ascertained that, for ten years prior to November 14, 1955, while plaintiff operating as Meyer-Ekstrom was Clark's exclusive distributor in the Chicago area, its Chicago sales lagged, in contrast to its national sales which in the same period were rising.

Clark's sales manager had, beginning in 1952, made specific recommendations to plaintiff to improve sales, which suggestions were rejected.

On November 14, 1955, Clark discontinued plaintiff's exclusive distributorship arrangement and appointed Robert F. Gleason as its Chicago area sales representative, to set up a series of nonexclusive distributorships.

Gleason hired defendant Arnold A. Hanson to supervise the Clark account and, in March 1957, Hanson succeeded Gleason as Clark's representative in the Chicago area.

After plaintiff's exclusive distributorship was terminated, it agreed to continue selling Clark products as a nonexclusive distributor.

When plaintiff was Clark's exclusive distributor, it had bought Clark products at the lowest price available—the distributor price—and in addition had received discounts of 10% and 5% off said price. Thus for Clark products with a list price of $100, plaintiff paid $62.42. It then resold these products to the trade at varying discounts.

After the exclusive distributorship was terminated, plaintiff bought at the regular nonexclusive distributor discount of 27%. No one purchaser was given a lower price. Thus, by the appointment of Gleason as sales representative and the establishment of other nonexclusive distributorships in the Chicago area, plaintiff met competition. For their services as sales representatives, Gleason and Hanson were compensated by commissions on the sales generated in the Chicago area and they received the 10% and 5% override that formerly went to plaintiff.

Plaintiff thereupon claimed that a violation of the Robinson-Patman Act occurred, there allegedly having been a sale of Clark products to Gleason (and Hanson) at a lower price than the discount given plaintiff.

15 U.S.C.A. § 13(a) provides, in part:

It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, * * *.

■■ The burden rested upon plaintiff to show that Clark *sold* its products to Gleason or Hanson. The district court found that they were not purchasers within the provisions of the Act. Under 28 U.S.C.A. rule 52(a), we are prevented from disturbing this finding, even if we believe it erroneous, which we do not. The sanction of 15 U.S.C.A. § 13(a) is

directed against discrimination in price *between different purchasers.*

That determination disposes of this appeal by plaintiff. The order of the district court is affirmed.

Order affirmed.